## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON LEE GALETTE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0609 |
| | : | |
| WARDEN SEAN MARLER, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**TUCKER, J.**                                                                 **May 12, 2020**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by *pro se* Plaintiff Brandon Lee Galette, a pretrial detainee incarcerated at the Federal Detention Center in Philadelphia ("FDC"), based on allegations that surgeries required as part of his treatment for gunshot wounds have been delayed or denied during his incarceration. Also before the Court is Galette's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and his Prison Trust Fund Account Statement (ECF No. 5).[1] Because it appears that Galette is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Galette will be permitted to file an amended complaint.

---

[1] By Order dated February 7, 2020, the Court initially denied Galette's request to proceed *in forma pauperis* without prejudice based on his failure to submit a certified copy of his prisoner account statement. (ECF No. 4 at 1.) The Court directed Galette to either pay $400 to the Clerk of Court or to file a certified copy of his prisoner account statement within thirty days. (*Id.*) Galette subsequently filed his certified prisoner account statement. (ECF No. 5). Accordingly, Galette's Motion to Proceed *In Forma Pauperis* is now properly before the Court for review.

## I.      FACTUAL ALLEGATIONS

In October 2018, Galette was shot in the abdomen and left arm, which necessitated several surgeries.  (Compl. ECF No. 2 at 5.)[2]  Galette alleges that there was "lots of damage to [his] intestines," and that in order "to heal properly . . . surgeons revers[ed] [his] colon out to [his] abdomen[.]"  (*Id.*)  Galette asserts this was supposed to be temporary – for "'3 months only.'"  (*Id.*)  Galette also received an "IVC filter due to many blood clots" as part of his treatment.  (*Id.*)  Since his incarceration in the FDC,[3] however, Galette alleges his hernia has grown, which causes his "ostomy to over grow", which causes his colostomy bags to leak and requires more frequent changing of the bags.  (*Id.*)  He claims that the constant bag changes "cause open wound sores, bleeding around [his] stoma, and excessive severe pain."  (*Id.*)  Additionally, the IVC filter causes Galette abdominal pain.  (*Id.*)  Galette attributes his injuries to "extremely overdue" surgeries that have not yet been scheduled where his "colon ostomy is restored . . . back to the rectum," and the IVC filter is removed from his body.  (*Id.*)

Galette's Complaint names the following Defendants: (1) Sean Marler, Warden of the FDC; (2) Knox, Deputy Warden of the FDC; (3) Ralph Laughingwell, a doctor; and (4) Christine Nelson, identified as an "APN."  (*Id.* at 1-3.)  By marking certain locations on the form Complaint he used, Galette indicates that he is suing the Defendants in their official capacities only.  (*Id.* at 2-3.)  He also states that the Defendants are liable for "Neglection of Medical Attention (Medical Mal-Practice)."  (*Id.* at 3-4.)  Additionally, in the section of the form Complaint that addresses grievances, Galette indicates that he filed a grievance in August of

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Galette was incarcerated in 2019 in connection with criminal charges filed against him.  *See United States v. Galette*, Crim. A. No. 19-116-1 (E.D. Pa.)

2019, that his efforts to file subsequent grievances were rebuffed, and that his requests are being

ignored or are otherwise not being addressed.  (*Id.* at 7.)  He also indicates that he informed the

Defendants and others of his claims but does not provide additional details.  (*Id.* at 8.)  As relief

in this lawsuit, Galette seeks surgery to reverse his colostomy followed by surgery to remove his

IVC filter.  (*Id.* at 5.)  If that relief cannot be provided, Galette seeks $7 million from each

Defendant in the alternative.  (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Galette leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  The Court must "accept all well-pleaded allegations as true and draw all

reasonable inferences in favor of the plaintiff," but disregard "threadbare recitals of the elements

of a cause of action, legal conclusions, and conclusory statements" in determining whether a

plaintiff has stated a claim.  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908

F.3d 872, 878 (3d Cir. 2018) (quotations omitted).  As Galette is proceeding *pro se*, the Court

construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[4] However, as Galette is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

Galette's claims are based on the delay and/or denial of follow up surgeries that he asserts are required as part of a course of treatment for gunshot wounds he sustained prior to his incarceration.  It is unclear, however, whether Galette intends to pursue these claims as medical malpractice claims under the Federal Tort Claims Act ("FTCA") or deliberate indifference claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  Accordingly, the Court will liberally construe the Complaint as raising both FTCA and *Bivens* claims.  Galette's claims are flawed, however, under either approach.

### A.   FTCA Claims

The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674

(providing that, for tort claims, the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (stating that "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))).  The United States is the only proper defendant in a FTCA action.  *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).  It is also noteworthy that the FTCA does not provide for injunctive relief.  *See Priovolos v. F.B.I.*, 632 F. App'x. 58, 59 n.1 (3d Cir. 2015) (per curiam) (summarily affirming the district court's judgment that plaintiff was not entitled to injunctive relief under the FTCA) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (noting that "the district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief."); *see also Michtavi v. United States*, 345 F. App'x 727, 730 n.4 (3d Cir. 2009).

Under the FTCA "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).  In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."  *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting

*Shelton*, 775 F.3d at 569).  This requirement is "jurisdictional and cannot be waived." *Shelton*,

775 F.3d at 569.  Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA

case." *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

To the extent Galette intended to raise medical malpractice claims under the FTCA, his

claims fail for various reasons.  First, the United States is the only proper defendant in a FTCA

case, but Galette has not named the United States as a Defendant.  Second, Galette primarily

seeks relief in the form of an injunction, but the FTCA does not provide for injunctive relief.

Third, it is not clear whether Galette exhausted administrative remedies prior to filing his

Complaint as the Complaint does not include allegations pertaining to administrative

exhaustion.[5]  In sum, Galette has not named the proper defendant, in part seeks impermissible

relief under the FTCA, and it is not apparent from the Complaint, as pled, that the Court has

jurisdiction over his FTCA claims.  For those reasons, the Court will dismiss Galette's FTCA

claims.

**B.**     ***Bivens* Claims**

*Bivens* provides a remedy for certain constitutional violations committed by federal

actors.  *See, e.g.*, *Ynfante v. United States*, Civ. A. No. 13-767, 2015 WL 631055, at \*5 (M.D.

Pa. Feb. 12, 2015 ("In contrast to FTCA actions, a *Bivens* claim can only be asserted against

individual officials.").  However, "[a]n action against government officials in their official

capacities constitutes an action against the United States; and *Bivens* claims against the United

---

[5] Galette indicates that he experienced difficulty filing grievances but does not discuss whether
he filed an administrative remedy in accordance with applicable procedures.  *See Abdullah v.
Miller*, 673 F. App'x 135, 138 (3d Cir. 2016) (per curiam) (explaining that litigant's "failure to
follow the administrative remedy requirements of the BOP amounts to a procedural default of his
federal claim").

States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x

515, 516 (3d Cir. 2008) (per curiam); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)

("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

suit.").  As Galette brings his claims against the Defendants only in their official capacities, his

*Bivens* claims are in essence claims against the United States that must be dismissed on

sovereign immunity grounds.  *See Brooks v. Bledsoe*, 682 F. App'x 164, 169 (3d Cir. 2017) (per

curiam) ("To the extent that Brooks is suing the BOP employees in their official capacities, his

claim fails as actions against prison officials in their official capacities are considered actions

against the United States, and *Bivens* claims against the United States are barred by sovereign

immunity, absent an explicit waiver."); *Bell v. Rossott*, 227 F. Supp. 2d 315, 320 (M.D. Pa.

2002) (dismissing claim against individual federal defendants sued in their official capacity

because the claims are essentially made against the United States).

As Galette is proceeding as a *pro se* litigant, the Court will also analyze whether he has

stated *Bivens* claims against the Defendants in their individual capacities.  After *Bivens*, the

Supreme Court recognized an implied cause of action where prison officials are deliberately

indifferent to a prisoner's serious medical needs.  *See Carlson v. Green*, 446 U.S. 14 (1980).

Here, Galette apparently seeks to invoke *Bivens* based on allegations that he has not received

follow-up surgeries during his incarceration at the FDC, which has led to adverse consequences

including pain.  To state a constitutional claim based on a delay or denial of medical care, a

prisoner must allege facts indicating that prison officials were deliberately indifferent to his

serious medical needs.[6]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is

---

[6] The Eighth Amendment governs claims brought by convicted inmates challenging their
conditions of confinement, while the Due Process Clause of the Fifth Amendment governs
claims brought by pretrial detainees in federal custody.  *See Bistrian v. Levi*, 912 F.3d 79, 91 (3d

not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Id.* at 236.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts

---

Cir. 2018); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under these amendments for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam).

undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Here, Galette does not allege any facts describing each Defendant's personal involvement in matters related to his medical care and, more specifically, his surgical needs.  Although Galette suggests that he informed the Defendants and other individuals about the matters giving rise to his claims, (*see* ECF No. 2 at 8), he provides no supporting or explanatory details such as who he informed, what he told them, when he informed them, or how they responded. Accordingly, Galette has not alleged a plausible basis for inferring that any Defendant was aware of his serious medical needs and responded to those needs with deliberate indifference.  That is especially so for the Warden and Deputy Warden, nonmedical personnel who are entitled to defer to the medical professionals caring for Galette.  *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) ("Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor."); *see also Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) ("[A]s nonmedical personnel, Wigen is entitled to presume the competence of medical staff in treating a prisoner, meaning that his conduct cannot, without much more, amount to 'deliberate indifference.'").

In sum, Galette has not stated a *Bivens* claim.  His official capacity claims fail on sovereign immunity grounds because those claims are in essence improper *Bivens* claims against the United States.  Furthermore, he has not alleged facts establishing personal involvement of the named Defendants that would state a plausible claim against them in their individual capacities.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Galette leave to proceed *in forma pauperis* and dismiss his Complaint.  The dismissal is without prejudice to Galette filing an amended complaint in the event he can state a plausible claim within the Court's jurisdiction.  An appropriate Order follows, which provides additional instruction as to amendment.

**BY THE COURT:**

**/s/Petrese B. Tucker**

_____

**PETRESE B. TUCKER, J.**